# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EFENDIC D., <br>     Petitioner, <br> v. <br><br> THOMAS DECKER, et al., <br>     Respondents. | Civil Action No. 18-13944 (MCA) <br><br> MEMORANDUM AND ORDER |

This matter having been opened to the Court by Petitioner's filing of (1) a Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief pursuant to 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. § 1651, Article I, Section 9, Clause 2 of the United States Constitution (Suspension Clause).[1] Petitioner has also filed (2) an Application for an Order to Show Cause seeking his release from custody or a bond hearing and other relief. (ECF Nos. 1-2.) It appearing that:

Respondents have entered an appearance in this matter and provided the Court with the following information regarding the basis for Mr. Efendic's detention and his request for a bond hearing:

> Mr. Efendic overstayed his visa and was placed into pre-order discretionary detention pursuant to 8 U.S.C. §1226(a) on July 13, 2018. He requested a bond hearing before the Immigration Court on August 13, 2018. Today the Immigration Court set his bond hearing to take place at 1:00 pm on September 27, 2018.

---

[1] As addressed below, Petitioner appears to bring a hybrid action for habeas relief and for civil rights violations. For instance, the Petition seeks damages for the alleged use of excessive force against Petitioner at Bergen County Jail.

1

(ECF Nos. 5-6.) In light of Mr. Efendic's scheduled bond hearing, which may moot Petitioner's habeas challenge to his unlawful detention, the Court will retain jurisdiction over this matter, and will direct the parties to update the Court in writing with the result of the bond hearing by Friday, September 28, 2018. At that time, the Court will determine if any further action is necessary with respect to Petitioner's habeas claim challenging his unlawful detention and his request for an Order to Show Cause.[2]

In this action, Petitioner also seeks damages for violations of his civil rights while in custody at Bergen County Jail.[3] (ECF No. 1, Verified Petition at 29.) Because Petitioner may not bring civil rights claims for damages together with his habeas petition challenging the unlawfulness of his detention, the Court will dismiss without prejudice the civil rights claims alleging excessive force (Fourth Cause of Action) against all Defendants. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"); *Marine v. Quintana*, 347 F. App'x. 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action); *see also* Federal Habeas Manual § 13:4 ("it must be remembered that habeas corpus is not a compensatory remedy. 'The object is not to make

---

[2] The Court reserves decision on any additional relief pending the outcome of the scheduled bond hearing. In particular, the Court declines to order a stay of Petitioner's removal in light of the fact that Petitioner is purportedly detained pursuant to §1226(a), does not have a final order of removal, and the Petition's allegations regarding his imminent removal are conclusory at best. The Court expresses no opinion regarding its authority to enter a stay of removal under the circumstances of this case.

[3] It is not clear if Petitioner's Second Cause of Action, which alleges violations of Fourth Amendment in connection with Petitioner's arrest is a habeas claim or a civil rights claim. To the extent Petitioner wishes to bring a civil rights claim challenging his unlawful arrest, he must do so in a separate action.

whole someone who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality.' ")(citation omitted); *Burnam v. Marberry*, 313 F. App'x 455, 456 n. 2 (3d Cir. 2009) (criticizing the District Court for permitting Petitioner to amend habeas action to include civil claims); *Forrest v. Sauers*, No. 3:CV–13–0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action."). The dismissal of this claim is without prejudice, and Petitioner is free to file a civil rights complaint <u>in a new action</u> with the appropriate filing fee or an application to proceed *in forma pauperis*.[4]

**IT IS, THEREFORE**, on this  18  day of  Sept , 2018,

**ORDERED** that in light of Petitioner's scheduled bond hearing, the Court directs the parties to notify the Court in writing as to the outcome that bond hearing by Friday, September 28, 2018; and it is further

**ORDERED** that the Court will retain jurisdiction over this matter and will determine if any further action is necessary with respect to Petitioner's habeas claim challenging his unlawful detention and his request for an Order to Show Cause; and it is further

**ORDERED** that the Fourth Cause of Action is dismissed as to all Defendants for the reasons stated in this Memorandum and Order; the dismissal is without prejudice to Petitioner's filing of a new civil action with the appropriate filing fee or an application to proceed *in forma pauperis*; and it is further

---

[4] Petitioner has paid the $5.00 filing fee for a habeas action. He has not submitted the filing fee for a civil case, which is $350.00 plus an administrative fee of $50.00.

3

**ORDERED** that, in light of the dismissal of the Fourth Cause of Action, the Clerk of the Court is directed to dismiss Respondents Officer Kissaone and Bergen County Jail; and it is further

**ORDERED** that the Clerk of the Court is directed to send a copy of this Memorandum and Order to Petitioner at the address on file.

Madeline Cox Arleo, District Judge
United States District Court